Hɪᴛᴛ, Aᴘᴘᴇʟʟᴇᴇ, *v.* Tʀᴇꜱꜱʟᴇʀ, Aᴘᴘᴇʟʟᴀɴᴛ, ᴇᴛ ᴀʟ.

[Cite as Hitt *v.* Tressler (1983), 7 Ohio St. 3d 11.]

(No. 83-1235—Decided October 20, 1983.)

*Messrs. Bodiker & Holland* and *Mr. Robert J. Holland,* for appellee.

*Murphey, Young & Smith Co., L.P.A., Mr. David J. Young* and *Mr. Steven W. Tigges,* for appellant.

Wɪꜱᴇ, J. Appellant contends that the trial court was without authority to order a new election since such a remedy was not authorized by statute. The appellee argues that the trial court's order for an election is "entirely consistent with law and *this court's* prior *decisions* in *this case.*" (Emphasis added.) Both parties rely on footnote 10 of *Hitt I:* "The next election for city council in Westerville will be in November 1983. Section 1, Article IX, Westerville

Charter. As this court is without jurisdiction to order an election in this case in the absence of legislative authority, the appellant should be allowed to hold office until an election may be held in accordance with law. *Mehling* v. *Moorehead* (1938), 133 Ohio St. 395 [11 O.O. 55]." *Hitt I,* at 178. The operative words of footnote 10 are the "appellant should be allowed to hold office until an election may be held *in accordance with law.*" (Emphasis added.) Pursuant to the Westerville Charter, the next election for the council seat at issue is scheduled for November 1985. Thus, in view of footnote 10, appellant will hold office until a successor is duly elected in the 1985 municipal election. As was clearly stated in footnote 10 of *Hitt I,* a "court is without jurisdiction to order an election in this case in the *absence of legislative authority.*" (Emphasis added.) Neither the trial court nor this court has the legislative authority to order an election in a situation such as presented by this case.

As a result of the clear holding in *Hitt I* that neither this court nor the trial court had jurisdiction to order an election, the judgment of the trial court is reversed, and the judgment entry ordering an election in this matter on November 8, 1983 is vacated.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES, J., dissents.

WISE, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.

HOLMES, J., dissenting. The stance of this election case is a most unusual and difficult one for a number of reasons: first, because of the various statutes and the Westerville Charter which must be read *in pari materia;* second, because of the time frame within which these statutes must be interpreted; and third, because of the official position of the appellant. The appellant is both the city councilman who holds over during this unexpired term, pursuant to *Hitt* v. *Tressler* (1983), 4 Ohio St. 3d 174 (*Hitt I*), and the Mayor of the city of Westerville having been elected to this office by his fellow members of council pursuant to charter.

On April 27, 1983 this court, in its decision in *Hitt I,* set aside the election for the fourth seat on the Westerville City Council. This decision vacated the seat at such time; however, this court opted to allow Tressler to hold office "until an election may be held in accordance with law." *Id.,* at fn. 10.

The vacancy created by this court's determination and order, not being one of the types of vacancies referred to in Section 7, Article III of the Westerville Charter, which provides for the manner of filling those types of vacancies, resort must be had to the Revised Code for applicable provisions that might pertain.

R.C. 731.43 would be the section normally applicable to a vacancy created on a village or city legislative body. Where, as here, "* * * if the office was occupied by, or was to be occupied by a person not nominated at a primary election * * * the vacancy shall be filled in the same manner as a vacancy in the legislative authority of a village, as provided in this section."

Proceeding, then, to that procedure for filling vacancies within a village legislative body, we find that:

"When the office of a member of the legislative authority of a village becomes vacant, the vacancy shall be filled by election by the legislative authority for the unexpired term. If the legislative authority fails within thirty days to fill such vacancy, the mayor shall fill it by appointment * * *." *Id.*

Here, the vacancy existed from the date of this court's opinion released on April 27, 1983. Appellee Hitt filed the current action in the court of common pleas on June 30, 1983, which was later acted upon by the trial court pursuant to order dated July 20, 1983.

The timing of the events is such that the thirty-day period within which the legislative authority of the city could have conducted an election for this vacant seat had expired. This triggered the next possible step normally available pursuant to this section. However, the one to carry out the appointing authority in this instance is the same individual who seeks the appointment, which presents not only a difficult but an unlawful situation.

Under the circumstances of this case, it is my view that the trial court acted properly in ordering an election for the unexpired term of this office to be held at this November's election. Such an election may be deemed to be held at the time provided by R.C. 3501.01(B) for a "regular municipal election." To proceed in this manner, it would seem to me that both the intent of the legislatively enacted election laws and the will of the electorate would be best served.

Accordingly, I would affirm the order of the court of common pleas.