THE STATE EX REL. RUEHLMANN ET AL. *v.* LUKEN ET AL.

[Cite as *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1.]

(No. 92-1343—Submitted and decided July 29, 1992—
Opinion announced September 4, 1992.)

*Taft, Stettinius & Hollister, Charles D. Lindberg, W. Stuart Dornette* and *Frederick D. Nelson,* for relators.

*Joseph T. Deters,* Prosecuting Attorney, *James W. Harper* and *Robert E. Taylor,* for respondent Hamilton County Board of Elections.

*Lee I. Fisher,* Attorney General, *Cherry Lynne Poteet* and *Andrew I. Sutter,* for respondent Secretary of State.

*Waite, Schneider, Bayless & Chesley Co., L.P.A., Stanley M. Chesley* and *Paul M. De Marco,* urging denial of the writ for *amicus curiae,* Hamilton County Democratic Party.

---

*Per Curiam.* For the following reasons, we reject relators' claims and deny the writ of mandamus.

R.C. 3501.11 provides in part:

"In all cases of a tie vote or a disagreement in the board [of elections], if no decision can be arrived at, the director or chairman shall submit the matter in controversy to the secretary of state, who shall summarily decide the question and his decision shall be final."

We have held that the Secretary of State's decisions, otherwise final, may be reviewed for "fraud, corruption, abuse of discretion or a clear disregard of statutes or court determinations." *State ex rel. Ferguson v. Brown* (1962), 173 Ohio St. 317, 320, 19 O.O.2d 227, 229, 181 N.E.2d 890, 893, overruled on other grounds *State ex rel. Saffold v. Timmins* (1970), 22 Ohio St.2d 63, 51 O.O.2d 95, 258 N.E.2d 112.

Relators claim entitlement to relief under a court determination, *State ex rel. Flex v. Gwin* (1969), 20 Ohio St.2d 29, 49 O.O.2d 185, 252 N.E.2d 289, which they contend controls the present case. In *Flex,* a candidate for nomination to a judicial office had been declared ineligible because of age by a decision of this court made before the primary. R.C. 3513.31 then permitted (and still permits) political parties to fill vacancies created when persons nominated at primary elections withdrew their candidacies prior to the eightieth day before the general election. See 129 Ohio Laws 1223. The *Flex* court permitted the party to fill the vacancy, even though the relevant part of R.C. 3513.31 expressly governed only the withdrawal of a *nominated* candidate *after* the primary. In its opinion, the court gave the following justification:

"Under our political system, it is basic that a political party is entitled to have a candidate for each office at the general election.

"Thus, where a political party has a candidate who appears to be qualified for nomination at a primary election, but who is determined to be ineligible to be a candidate at a time too late for another candidate to be duly nominated, a vacancy exists which the proper political agency is entitled to fill." *Id.*, 20 Ohio St.2d at 31, 49 O.O.2d at 186, 252 N.E.2d at 291.

Respondents attempt to distinguish *Flex* on various factual grounds, but we find none of these distinctions persuasive. In both cases, a sole candidate for nomination who was thought to be qualified for the nomination was found unqualified "too late for another candidate to be placed on the primary ballot[.]" *Id.*, 20 Ohio St.2d at 30, 49 O.O.2d at 186, 252 N.E.2d at 290. In *Flex*, the disqualification occurred because of age. In the present case, it occurred because of a violation of the election laws governing petitions; however, the cause of the disqualification should not make any difference if, as *Flex* indicates, the political party is *entitled* to a candidate when the determination comes too late to name a replacement. In the present case, respondents did not determine that the Republican candidate was ineligible until after the statutory deadline for certifying the validity or invalidity of petitions and after the time for a write-in candidate to file a declaration and petitions.

Nevertheless, we decline to apply *Flex* in this case. Its basic rationale that a political party is entitled to a candidate when disqualification comes too late to nominate another is too broad. The General Assembly has not granted such a right in Congressional elections, and we cannot create one. There is no common law of elections; they are governed by statutes. *State v. Harmon* (1877), 31 Ohio St. 250, 260. In general, election statutes must be strictly complied with, *State ex rel. Senn v. Cuyahoga Cty. Bd. of Elections* (1977), 51 Ohio St.2d 173, 174, 5 O.O.3d 381, 382, 367 N.E.2d 879, 880. Nevertheless, courts must avoid unduly technical interpretations that impede the public policy favoring free, competitive elections. *Stern v. Cuyahoga Cty. Bd. of Elections* (1968), 14 Ohio St.2d 175, 184, 43 O.O.2d 286, 291, 237 N.E.2d 313, 319.

Since *Flex*, the General Assembly has enacted R.C. 3513.301 [2] and 3513.312 (141 Ohio Laws, Part II, 2761, 2828–2829), both applicable to Congressional primaries. Subsection (A) of R.C. 3513.301 governs withdrawal of a candidacy before the primary and requires a special election " * * * if only one person has filed a *valid* declaration of candidacy * * * and * * * withdraws as a candidate or dies at any time before the primary election * * *." (Emphasis

---

2. R.C. 3513.301(A) provides:

added.) In this case, the Republican candidate "withdrew" (via disqualification) before the primary, but had not filed a valid declaration of candidacy; therefore, this section is not invoked.

Similarly, we decline to construe R.C. 3513.312, as *Flex* construed R.C. 3513.31 in 1969, to treat the disqualified Republican candidate as if he were nominated and then withdrew. He was not nominated. Through enactment of R.C. 3513.301 and 3513.312, the General Assembly has clearly stated when and under what conditions special elections shall be held when vacancies occur before and after the primary. The facts in this case do not fulfill the conditions precedent to invoke either statute. Accordingly, the Secretary of State neither committed an abuse of discretion nor disregarded applicable law by failing to order an election under these statutes or under *Flex*. Moreover, this court may not order an election in the absence of legislative authority. *Hitt v. Tressler* (1983), 4 Ohio St.3d 174, 178, 4 OBR 453, 457, 447 N.E.2d 1299, 1304, fn. 10; *Hitt v. Tressler* (1983), 7 Ohio St.3d 11, 12, 7 OBR 404, 455 N.E.2d 667, 667–668.

Relators also challenge the constitutionality of Am.Sub.H.B. No. 700 of the 119th General Assembly, which, *inter alia*, changed the date of the Congressional primary to June 2, 1992, and established filing deadlines for declarations of candidacy. For Congressional candidates, Section 3(A) of that Act specified a filing deadline of "not later than 4:00 p.m. of the seventh day after the effective date of the act passed by the 119th General Assembly establishing Congressional district boundaries or not later than 4:00 p.m. of April 3, 1992, whichever occurs first.* * * " The Act establishing Congressional districts, Am.Sub.H.B. No. 292, took effect on March 27, 1992. The seventh day after its effective date was April 3, 1992. However, Am.Sub.H.B. No. 700 did not take effect until April 1, 1992. Therefore, by either deadline, candidates had only two days to file valid declarations of candidacy.

Relators argue that this two-day deadline constituted an unreasonable ballot restriction. This issue is moot. The Congressional primary was held on June 2, 1992, two months after Am.Sub.H.B. No. 700 was enacted, during which time relators took no action to challenge the filing deadline. Mandamus will not lie to place a candidate on the ballot when the election has passed. *State ex rel. Keller v. Loney* (1959), 169 Ohio St. 394, 8 O.O.2d 420, 159 N.E.2d 896, nor can we order a special election to accomplish the same purpose absent legislative authority. *Hitt v. Tressler, supra.*

Accordingly, we do not reach relators' constitutional claim. "Where a case can be determined upon any other theory than that of the constitutionality of

---

"Notwithstanding section 3513.30 of the Revised Code, if only one person has filed a valid declaration of candidacy for the office of representative to congress and that person withdraws as a candidate or dies at any time before the primary election, a special election shall be held to nominate that party's candidate for congress in accordance with division (B) of this section."

a challenged statute, no consideration will be given to the constitutional question." *Interstate Motor Freight Sys. v. Bowers* (1955), 164 Ohio St. 122, 57 O.O. 123, 128 N.E.2d 97, paragraph two of the syllabus.

Having rejected both of relators' claims, we deny the writ.

*Writ denied.*

Sweeney, Acting C.J., Nahra, Wright, H. Brown and Resnick, JJ., concur.

Douglas, J., concurs separately.

Holmes, J., dissents.

Joseph J. Nahra, J., of the Eighth Appellate District, sitting for Moyer, C.J.

Douglas, J., concurring. I concur in the judgment of the majority. I do not agree, however, with some of the reasoning of the majority and in particular the citation by the majority of *State ex rel. Ferguson v. Brown* (1962), 173 Ohio St. 317, 320, 19 O.O.2d 227, 229, 181 N.E.2d 890, 893, for the proposition for which it is cited. A more complete explanation of my concern may be found in my dissent in *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 5, 598 N.E.2d 1152.