THE STATE EX REL. THE LIMITED, INC. ET AL. *v.*
FRANKLIN COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. The Limited, Inc. v. Franklin
Cty. Bd. of Elections* (1993), 66 Ohio St.3d 524.]

(No. 93–587—Submitted and decided April 14,
1993—Opinion announced June 23, 1993.)

*Squire, Sanders & Dempsey, David J. Young* and *C. Craig Woods; Smith & Hale, Harrison W. Smith, Jr.* and *Ben W. Hale, Jr.,* for relator The Limited, Inc.

*Lucas, Prendergast, Albright, Gibson & Newman* and *Robert E. Albright,* for relators Tuttle Road Ltd. Partnership et al.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Harland H. Hale,* Assistant Prosecuting Attorney, for respondent Franklin County Board of Elections.

*Wright & Logan Co., L.P.A.,* and *J. Anthony Logan;* and *John J. Duffey, Sr.,* for intervenors Saddlebrook Civic Association, Terri L. Gregor, Sandy Fiehrer, Ballymead Civic Association, Robert Hess, Todd James Zimmerman, and Families Against Forced Zoning.

*Lee I. Fisher,* Attorney General, *Andrew I. Sutter* and *Robert A. Zimmerman,* Assistant Attorneys General, for intervenor Bob Taft, Secretary of State.

*Aristotle R. Matsa,* for *amici curiae* Designated Committee for the Filing of the Petition for Referendum of Columbus City Council Ordinance No. 2565–92, Shannon Heights Kilbannon Kildaire Civic Association, et al.

---

This cause came on to be heard by the court on the complaint of the relators; the answer of the respondent; the agreed statement of facts and stipulation of exhibits by the parties; the transcript of proceedings; the briefs of the parties and intervenors Saddlebrook et al.; and the motions to file pleadings and briefs by intervenor Secretary of State and *amici curiae,* which are, *sua sponte,* granted.

The court finds:

1. That the Fourth Defense of respondent places at issue that "The Complaint is barred by the decision of the Ohio Secretary of State's Office which is final pursuant to Ohio Revised Code § 3501.11."

2. That R.C. 3501.11 reads, in part, that "[i]n all cases of a tie vote or a disagreement in the board, if no decision can be arrived at, the director or chairman shall submit the matter in controversy to the secretary of state, who shall *summarily* decide the question *and his decision shall be final.*" (Emphasis added.)

3.  That the respondent, pursuant to R.C. 3501.11 and its tie vote, did certify the question at issue to the Secretary of State for his determination and tie-breaking vote.

4.  That the Secretary of State, finding he had a personal conflict, did properly designate, pursuant to R.C. 111.04, his Assistant Secretary of State to cast the required tie-breaking vote.

5.  That the Assistant Secretary of State cast his vote and ruled that the rezoning issue in question should be placed on the election ballot and voted on at the election to be held on May 4, 1993.

6.  That, pursuant to R.C. 3501.11, the decision of the Secretary of State (or his designate) is final and not subject to. appeal.  In addition, there is no showing by relators that the decision of the Secretary of State (or his designate) involved any fraud, corruption, abuse of discretion, or clear disregard of statutes or court determinations to warrant granting the extraordinary writs of mandamus and/or prohibition.  See *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149; *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 5, 598 N.E.2d 1152; and *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 600 N.E.2d 656.

Accordingly, IT IS HEREBY ORDERED by the court that the request of relators for writs of mandamus and/or prohibition be denied and that the cause herein is dismissed.

A.W. SWEENEY, Acting C.J., SHANNON, O'NEILL, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

RAYMOND E. SHANNON, J., of the First Appellate District, sitting for MOYER, C.J.

JOSEPH E. O'NEILL, J., of the Seventh Appellate District, sitting for WRIGHT, J.

DOUGLAS, J., concurring.

I concur with the judgment of the majority but do not agree with some of the language contained in the opinion.  Today's decision conflicts with the entry issued by this court in this case on April 14, 1993.  That judgment was a unanimous decision of this court.  Now, for some reason, the terms of that judgment are being altered.

R.C. 3501.11 makes the tie-breaking vote of the Secretary of State, in matters where a county board of elections is deadlocked, final.  I would follow

the law as set forth in R.C. 3501.11 and I continue to adhere to the position that I set forth in *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149, *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 5, 598 N.E.2d 1152 (*"White I"*), and *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 600 N.E.2d 656 (*"White II"*).