OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. The Limited, Inc. et al. v. Franklin County
Board of Elections.
[Cite as State ex rel. The Limited, Inc. v. Franklin Cty. Bd.
of Elections (1993),      Ohio St.3d      .]
Elections -- Tie vote broken by designate of Secretary of State
     -- R.C. 111.04 -- Reviewability of decision -- R.C.
     3501.11.
     (No. 93-587 -- Submitted and decided April 14, 1993 --
Opinion announced June 23, 1993.)
     In Mandamus and Prohibition.

     Squire, Sanders & Dempsey, David J. Young and C. Craig
Woods; Smith & Hale, Harrison W. Smith, Jr. and Ben W. Hale,
Jr., for relator The Limited, Inc.
     Lucas, Prendergast, Albright, Gibson & Newman and Robert
E. Albright, for relators Tuttle Road Ltd. Partnership et al.
     Michael Miller, Franklin County Prosecuting Attorney, and
Harland H. Hale, Assistant Prosecuting Attorney, for respondent
Franklin County Board of Elections.
     Wright & Logan Co., L.P.A., and J. Anthony Logan; and John
J. Duffey, Sr., for intervenors Saddlebrook Civic Association,
Terri L. Gregor, Sandy Fiehrer, Ballymead Civic Association,
Robert Hess, Todd James Zimmerman, and Families Against Forced
Zoning.
     Lee I. Fisher, Attorney General, Andrew I. Sutter and
Robert A. Zimmerman, Assistant Attorneys General, for
intervenor Bob Taft, Secretary of State.
     Aristotle R. Matsa, for amici curiae Designated Committee
for the Filing of the Petition for Referendum of Columbus City
Council Ordinance No. 2565-92, Shannon Heights Kilbannon
Kildaire Civic Association, et al.

     This cause came on to be heard by the court on the
complaint of the relators; the answer of the respondent; the
agreed statement of facts and stipulation of exhibits by the
parties; the transcript of proceedings; the briefs of the
parties and intervenors Saddlebrook et al.; and the motions to
file pleadings and briefs by intervenor Secretary of State and

amici curiae, which are, sua sponte, granted.

The court finds:

1. That the Fourth Defense of respondent places at issue that "The Complaint is barred by the decision of the Ohio Secretary of State's Office which is final pursuant to Ohio Revised Code {3501.11."

2. That R.C. 3501.11 reads, in part, that "[i]n all cases of a tie vote or a disagreement in the board, if no decision can be arrived at, the director or chairman shall submit the matter in controversy to the secretary of state, who shall summarily decide the question and his decision shall be final." (Emphasis added.)

3. That the respondent, pursuant to R.C. 3501.11 and its tie vote, did certify the question at issue to the Secretary of State for his determination and tie-breaking vote.

4. That the Secretary of State, finding he had a personal conflict, did properly designate, pursuant to R.C. 111.04, his Assistant Secretary of State to cast the required tie-breaking vote.

5. That the Assistant Secretary of State cast his vote and ruled that the rezoning issue in question should be placed on the election ballot and voted on at the election to be held on May 4, 1993.

6. That, pursuant to R.C. 3501.11, the decision of the Secretary of State (or his designate) is final and not subject to appeal. In addition, there is no showing by relators that the decision of the Secretary of State (or his designate) involved any fraud, corruption, abuse of discretion, or clear disregard of statutes or court determinations to warrant granting the extraordinary writs of mandamus and/or prohibition. See State ex rel. Ruehlmann v. Luken (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149; State ex rel. White v. Franklin Cty. Bd. of Elections (1992), 65 Ohio St.3d 5, 598 N.E.2d 1152; and State ex rel. White v. Franklin Cty. Bd. of Elections (1992), 65 Ohio St.3d 45, 600 N.E.2d 656.

Accordingly, IT IS HEREBY ORDERED by the court that the request of relators for writs of mandamus and/or prohibition be denied and that the cause herein is dismissed.

A.W. Sweeney, Acting C.J., Shannon,O'Neill, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., concurs separately.

Raymond E. Shannon, J., of the First Appellate District, sitting for Moyer, C.J.

Joseph E. O'Neill, J., of the Seventh Appellate District, sitting for Wright, J.

Douglas, J., concurring. I concur with the judgment of the majority but do not agree with some of the language contained in the opinion. Today's decision conflicts with the entry issued by this court in this case on April 14, 1993. That judgment was a unanimous decision of this court. Now, for some reason, the terms of that judgment are being altered.

R.C. 3501.11 makes the tie-breaking vote of the Secretary of State, in matters where a county board of elections is deadlocked, final. I would follow the law as set forth in R.C. 3501.11 and I continue to adhere to the position that I set forth in State ex rel. Ruehlmann v. Luken (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149, State ex rel. White v. Franklin Cty. Bd. of

Elections (1992), 65 Ohio St.3d 5, 598 N.E.2d 1152 ("White I"), and State ex rel. White v. Franklin Cty. Bd. of Elections (1992), 65 Ohio St.3d 45, 600 N.E.2d 656 ("White II").