[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 1206.]

**THE STATE EX REL. HERMAN *v*. KLOPFLEISCH.**

**[Cite as *State ex rel. Herman v. Klopfleisch*, 1995-Ohio-156.]**

*Motion for leave to intervene granted.*

(No. 95-365—Submitted March 21, 1995—Decided April 5, 1995.)

IN QUO WARRANTO.

————————————

*McTigue & Brooks* and *Donald J. McTigue,* for relator Henry Paul Herman.

*Chester, Willcox & Saxbe, Charles R. Saxbe* and *Donald C. Brey*, for respondent Craig Olen Klopfleisch.

*Betty D. Montgomery*, Attorney General, and *Andrew S. Bergman*, Assistant Attorney General, for intervening respondent Bob Taft, Secretary of State.

————————————

**{¶ 1}** The motion for leave to intervene by the Secretary of State is granted.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————

**DOUGLAS, J., concurring.**

**{¶ 2}** This cause originated in this court on the filing, by relator, Henry Paul Herman, of a complaint for a writ of *quo warranto*. A majority of this court (Douglas and Pfeifer, JJ., dissenting) granted an alternative writ to relator and set a briefing schedule. 71 Ohio St.3d 1486, 646 N.E.2d 180. This matter is now again before us on the motion of Bob Taft, Secretary of State of the state of Ohio, to intervene.

**{¶ 3}** I concur with the majority in granting the Secretary of State's motion. Given that the decision has been made by a majority of this court for this case to continue in this court, it is clear that pursuant to Civ.R. 24(A) and R.C. 3501.05,

the Secretary of State should be permitted to intervene. However, having said that, I write separately to set forth why I believe that the writ sought by relator should be summarily denied and the case dismissed.

{¶ 4} This case arises out of two tie votes (two-to-two) of the Mercer County Board of Elections. When such an event occurs, R.C. 3501.11 is applicable. R.C. 3501.11 provides in part: "In all cases of a tie vote or a disagreement in the board [of elections], if no decision can be arrived at, the director or chairman shall submit the matter in controversy to the secretary of state, who shall *summarily* decide the question and his decision *shall be final*." (Emphasis added.) This provision could not be more clear and, therefore, in accordance with the statute, the matter was submitted to the Secretary of State for his tie-breaking vote. The Secretary of State did, in compliance with the statute, cast his vote which broke the tie. Now relator seeks to overturn that decision notwithstanding the clear dictates of the statute that the vote of the Secretary of State "shall be final."

{¶ 5} In *State ex rel. The Limited, Inc. v. Franklin Cty. Bd. of Elections* (1993), 66 Ohio St.3d 524, 526, 613 N.E.2d 634, 635, we said that "* * * pursuant to R.C. 3501.11, the decision of the Secretary of State (or his designate) is final *and not subject to appeal*. * * *" (Emphasis added.) This was, I believe, an accurate statement of the law and a proper modification of *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149, *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 5, 598 N.E.2d 1152, and *State ex rel White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 600 N.E.2d 656. Reasoning to support this position is set forth in my concurrences and dissent in those cases.

{¶ 6} In conclusion, I concur in the decision to grant the Secretary of State the right to intervene. I continue to believe that the law is clear and this case should be dismissed. Finally, I believe that continued prosecution of this case by relator

should result in an application by respondent for attorney fees and other related costs which, upon application, I would be favorably inclined to grant.

PFEIFER, J., concurs in the foregoing concurring opinion.

_____