THE STATE EX REL. KLINGLER *v.* PERRY COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Klingler v. Perry Cty. Bd. of Elections* (1996), 75 Ohio St.3d 1203.]

(No. 96–388—Submitted and decided February 28, 1996.)

*Richard A. Cordray,* for relator Danny L. Klingler.

*John R. Allen,* Perry County Prosecuting Attorney, and *Stephen R. Herendeen,* Assistant Prosecuting Attorney, for respondent Perry County Board of Elections.

*Betty D. Montgomery,* Attorney General, and *Timothy G. Warner,* Assistant Attorney General, for respondent Bob Taft, Secretary of State.

*Reid, Berry & Stanard* and *Robert L. Berry,* urging denial of writ for *amicus curiae,* Buckeye State Sheriffs Association.

This cause originated in this court on the filing of a complaint for a writ of mandamus and/or prohibition regarding an expedited election matter.

IT IS ORDERED by the court, *sua sponte,* that an alternative writ be, and hereby is, granted.

IT IS FURTHER ORDERED that the parties shall file their merit briefs, and any evidence they intend to present, on or before March 5, 1996. No extensions of time for the filing of briefs or evidence will be permitted.

MOYER, C.J., WRIGHT, RESNICK and PFEIFER, JJ., concur.

DOUGLAS, F.E. SWEENEY and COOK, JJ., dissent and would grant the motion to dismiss.

DOUGLAS, J., dissenting. The Secretary of State has filed a motion to dismiss. I would sustain the motion of the Secretary of State and, since the majority does not do so, I dissent.

This case is a perfect example as to why we should not second-guess the Secretary of State and the General Assembly in election matters. R.C. 3501.11 provides, in part, that "[i]n all cases of a tie vote or a disagreement in the board, if no decision can be arrived at, the director or chairman shall submit the matter in controversy to the secretary of state, who shall *summarily* decide the question

*and his decision shall be final."* (Emphasis added.) This case involves a tie vote of members of a board of elections. Pursuant to the statutory mandate, the Secretary of State cast his vote, breaking the tie. We are not at liberty to disregard the Secretary of State's decision. See *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 5, 598 N.E.2d 1149, 1152 (Douglas, J., concurring); *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 5, 9, 598 N.E.2d 1152, 1155 (Douglas, J., dissenting); *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 51, 600 N.E.2d 656, 661 (Douglas, J., concurring in judgment only); and *The Limited, Inc. v. Franklin Cty. Bd. of Elections* (1993), 66 Ohio St.3d 524, 526, 613 N.E.2d 634, 635 (Douglas, J., concurring).

The General Assembly had good reason for providing, in R.C. 3501.11, for a tie-breaking procedure for boards of elections. The case before us (and others we have considered in recent days) clearly makes the point. Absentee balloting in the state of Ohio opened on February 23, 1996. Even if the majority would, for some reason or *any* reason, grant relator a writ and order his name placed on the ballot, it is already too late. Once the bell has been rung, it cannot be unrung. *Digital Equip. Corp. v. Desktop Direct, Inc.* (1994), 511 U.S. ——, ——, 114 S.Ct. 1992, 1998, 128 L.Ed.2d 842, 851. This case is yet another example of why the General Assembly said that in this type of case, the vote of the Secretary of State is final. We should adhere to the statute and avoid these crisis decisions.

I would grant the Secretary of State's motion to dismiss. Because the majority does not do so, I must dissent.