DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant James H. Glynn appeals the judgment of the Medina Court of Common Pleas designating him a sexual predator. We reverse.
On December 9, 1996, a Medina County Grand Jury indicted Glynn for sexual battery, in violation of R.C. 2907.03, a felony of the third degree. The indictment alleged that Glynn unlawfully engaged in sexual conduct with D, Glynn's minor stepdaughter. Glynn pled not guilty to the charge of sexual battery.
On March 13, 1997, Glynn withdrew his plea of "not guilty" and entered a plea of "no contest" to the charge of sexual battery. The trial court found Glynn guilty of sexual battery and ordered a pre-sentence investigation. On April 11, 1997, the trial court notified Glynn that a sentencing hearing was to be held on April 25, 1997. The hearing notice stated the place, date, and time of the hearing, and specified only that the action to be taken at the hearing was "sentencing." No notice of a sexual predator hearing was given to Glynn.
The sentencing hearing was held as scheduled. In its judgment entry dated April 28, 1998, the trial court imposed the maximum sentence of two years imprisonment. In addition, the trial court stated that "[t]he Court further orders that the Defendant is hereby declared a sexual predator."
Glynn appeals, assigning five errors.
 I.
Glynn's first assignment of error states:
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN ORDERING THAT DEFENDANT-APPELLANT BE DECLARED A SEXUAL PREDATOR WITHOUT GIVING NOTICE OF AND HOLDING A HEARING AT WHICH EVIDENCE COULD BE PRESENTED AS MANDATED BY R.C. 2950.09.
Glynn's second assignment of error states:
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN ORDERING THAT DEFENDANT-APPELLANT BE DECLARED A SEXUAL PREDATOR IN THE ABSENCE OF CLEAR AND CONVINCING EVIDENCE, WITHOUT ANY CONSIDERATION OF THE FACTORS SET FORTH IN R.C. 2950.09, AND WHEN THE STATE WAIVED SUCH A CLAIM.
A "sexual predator"[1] is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense[2] and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). R.C. 2950.09
governs the adjudication of an offender as a sexual predator and provides in part:
 (B)(1) Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after the effective date of this section for a sexually oriented offense that is not a sexually violent offense, or if a person is to be sentenced on or after the effective date of this section for a sexually oriented offense that is a sexually violent offense and a sexually violent predator specification was not included in the indictment * * * the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code. The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.
(Emphasis added.)
A "sexually violent offense" specification was not included in the indictment charging Glynn with sexual battery. Thus, R.C.2950.09(B)(1) mandates that Glynn receive notice and a sexual predator hearing. Glynn had no opportunity to present evidence or to call, examine and cross-examine witnesses before the trial court adjudicated him a sexual predator.
The state argues that because Glynn failed to object to his possible adjudication as a sexual predator, he has waived all but plain error. The transcript of Glynn's sentencing hearing reveals that the assistant prosecutor did not believe that the sexual predator classification law applied to Glynn. The transcript sets forth the following:
 The Court: The Court would also note, under new law, he may be classified as a sexual predator. Is that correct? You don't believe that applies to him?
 Mr. Sheldon: I don't believe it applies to acts prior to the new law.
 The Court: Acts in the future. He may not be required to register or report anything.
The above conversation between the trial court and the assistant prosecutor constituted the sole mention of the sexual predator law at Glynn's sentencing hearing. It does not appear that there was anything to which Glynn could object. Glynn had no notice that the trial court was considering designating him, sua sponte, a sexual predator.
We sustain Glynn's first and second assignments of error inasmuch as the hearing held did not meet the requirements set forth in R.C. 2950.09(B)(1). Moreover, the record does not reflect that the trial court had evidence before it concerning the factors set forth in R.C. 2950.09(B)(2) or that it appropriately considered those factors as required by R.C. 2950.09(B)(3).
Glynn's first and second assignments of error are sustained.
 II.
Glynn's third assignment of error states:
 THE TRIAL COURT'S FAILURE TO HOLD A HEARING AND SUBSEQUENT ORDER THAT DEFENDANT-APPELLANT BE LABELED A SEXUAL PREDATOR VIOLATED THE DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS.[3]
Glynn's fourth assignment of error states:
 THE TRIAL COURT'S ORDER THAT DEFENDANT-APPELLANT BE LABELED A SEXUAL PREDATOR IS AN UNCONSTITUTIONAL DENIAL OF EQUAL PROTECTION OF THE LAW.
"With regard to the constitution-based arguments advanced herein, we note that it is well-settled that `where a case can be determined upon any other theory than that of the constitutionality of a challenged statute, no consideration will be given to the constitutional question.'" State v. Hardy (Oct. 16, 1997), Cuyahoga App. No. 72463, unreported, quoting State exrel. Ruehlman v. Luken (1992), 65 Ohio St.3d 1, 4-5. Because we have already decided this case on statutory grounds, we decline to address Glynn's third and fourth assignments of error.
 III.
Glynn's fifth assignment of error states:
 THE TRIAL COURT'S ORDER THAT DEFENDANT-APPELLANT BE LABELED A SEXUAL PREDATOR IS UNCONSTITUTIONAL AS R.C. 2950.09 IS AN EX POST FACTO LAW AND IS RETROACTIVE IN OPERATION.
Because this court has already addressed the issues presented in Glynn's fifth assignment of error, we will repeat what we have held as to those issues. This court has recently found that "the registration and notification requirements [of R.C. 2950.01 etseq.] neither alter the definition of criminal conduct nor increase the punishment for the crime, and hence [the statute allowing the designation of an offender as a sexual predator does] not constitute an ex post facto law prohibited by the Federal Constitution." State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, at 6.
Similarly, this court has held that an offender's designation as a sexual predator does not violate Ohio's prohibition of retroactive laws, found in Article II, Section 28 of the Ohio Constitution. Id. at 11-12.
Therefore, Glynn's fifth assignment of error is overruled. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
QUILLIN, J., P. J.
REECE, J. CONCUR.
[1] A sexual predator is required to register with the county sheriff where he resides or is temporarily domiciled, R.C. 2950.04, and then to verify his residential address every ninety days thereafter. R.C. 2950.06(B)(1). A sexual predator must fulfill these requirements for the rest of his life, or until such time as he is determined no longer to be a sexual predator. R.C. 2950.07(B)(1). The sheriff, in turn, must notify neighbors of the sexual predator, along with certain other persons in the community, of his presence. R.C.2950.10 and 2950.11. These requirements attach even though Am.Sub.H.B. No. 180, which contained these sections, did not become effective until July 1, 1997. See, generally, State v.Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported.
[2] The definition of "sexually oriented offense" includes, but is not limited to, the crime of sexual battery. R.C.2950.01(D)(1).
[3] Because the basis of Glynn's appeal is that he was not afforded the statutorily required notice and hearing, we are construing Glynn's third assignment of error as alleging that Glynn's right to procedural due process was violated.