JOURNAL ENTRY AND OPINION
{¶ 1} On October 5, 2006 relator Jennifer Brady ("Brady") commenced a mandamus action against Secretary of State J. Kenneth Blackwell ("Blackwell"), the Cuyahoga County Board of Elections ("Board"), and the individual members of the Board. In her petition, Brady asks this court to grant the writ and order respondents to place and/or keep her name on the November 7, 2006 general election ballot. Thereafter, pursuant to this court's order, Blackwell filed a motion to dismiss and Brady filed the transcript from the Board hearing. Brady also moved to amend her writ to allege alternative relief in prohibition, and further filed an untimely response to the respondent's motion to dismiss. On October 12, 2006, Blackwell filed a memorandum in response to motion for leave to amend complaint.
 {¶ 2} On October 20, 2006, this court granted Brady's request for a writ of prohibition. Thereafter, on October 24, 2006, Blackwell filed an appeal in the Supreme Court of Ohio. On November 3, 2006, the Supreme Court of Ohio reversed this court's decision and remanded the matter to permit the parties the opportunity to submit evidence on whether the assistant secretary of state had the legal authority to break the election tie.State ex rel. Brady v. Blackwell, ___ Ohio St.3d ___,2006-Ohio-5752.
 {¶ 3} Pursuant to that opinion, this court issued an order directing Blackwell to submit evidence to determine whether the assistant secretary of state possessed the authority to break the tie vote. This court also provided the parties an opportunity to submit evidence during an evidentiary hearing which was held on November 6, 2006. For the following reason, we grant the writ of prohibition. The underlying facts of this matter are as follows: On May 2, 2006, Michael J. O'Shea filed as a write-in candidate for the Democratic primary for the Office of State Representative for the 16th Ohio House District ("District"). Having garnered a sufficient number of write-in votes, O'Shea became the Democratic candidate for the District. Thereafter, O'Shea withdrew as the nominee, and on June 27, 2006, precinct committee members from the District conducted a meeting pursuant to R.C.3513.31(D) and selected Brady as O'Shea's replacement.
 {¶ 4} On July 12, 2006, A. Steven Dever, the chairperson of the meeting, sent a letter to the Cuyahoga County Democratic Party Chairman, Jimmy Dimora, that stated that he served as Chairman of a special meeting called by the Cuyahoga Democratic Party where a majority of the Central Committee Members for the District met for the purpose of selecting a replacement candidate for Micheal O'Shea. Dever's letter also stated that there was a quorum present from each of the cities in the District and for the District as a whole; and that Brady was nominated and unanimously chosen as the replacement candidate. Dever's letter, however, was not notarized. The letter also failed to include a notarized signature from the recording secretary from the meeting, nor a letter of acceptance from Brady.
 {¶ 5} Once Dimora received Dever's letter, he immediately forwarded it to the Board on July 14, 2006, and recommended that Brady be placed on the November ballot. Dimora's letter also requested that the Board contact his office, "if there are any additional steps necessary to finalize this change * * *." Thereafter, on August 22, 2006, the Board received a letter from Brady which included her acceptance as the Democratic Candidate for the office of State Representative for the District. Brady's letter also specifically requested that the Board contact her if any additional information was needed.
 {¶ 6} On August 23, 2006, the Board received a second letter from Dimora and Karen Pianka who was identified as the recording secretary for the Cuyahoga County Democratic Party. The letter contained the same language as Dimora's letter of July 14, 2006, but also included a copy of Dever's July 12, 2006 letter and a copy of Brady's letter of acceptance. Additionally, on the bottom of Dimora's letter, was a notarial stamp of Katrina Dillard, as well as her notarial seal. However, the letter did not contain a jurat. The second letter to the Board again requested that the Board notify the Chairman if there were any additional steps needed to finalize this process. The Board received three timely requests regarding instructions as to what was required for a replacement candidate and all requests were unanswered. On August 7, 2006, the Board accepted and certified Brady as the Democratic candidate for the Office of State Representative for the Sixteenth House District.
 {¶ 7} On September 1, 2006, and then on September 6, 2006, the Board received protests to Brady's candidacy. The substance of the challenges were that the letter from the District Committee Chairman was not certified and it did not include a signed letter of acceptance from Brady. Thereafter, on September 14th, 2006, Dever signed an affidavit stating that he sent a letter to Dimora dated July 12, 2006, and that he had reviewed that letter and that the contents of the letter were all true and accurate.
 {¶ 8} On September 15, 2006, the Board held a hearing to determine the protests. While no evidence was taken at the hearing, each side presented arguments. After arguments the Board was deadlocked on the motion. Pursuant to R.C. 3501.11(X), the Board properly forwarded the matter to the Secretary of State to break the tie. On October 3, 2006, the Assistant Secretary of State, Monty Lobb, broke the tie and voted with the board members in opposition against the motion to reject the protests against Brady's candidacy. As we held in our first opinion, in order to be entitled to a writ of prohibition, Brady must establish that (1) the board of elections is about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. State exrel. Choices for South-Western City Schools v. Anthony,108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582.
 {¶ 9} Although the decision by the Secretary of State is not subject to appeal, it, like a decision from the board of elections, is subject to review in extraordinary actions to determine whether the Secretary of State engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions. State ex rel. Ruehlmann v.Luken (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149; State ex rel.White v. Franklin Cty. Bd. Of Elections (1992), 65 Ohio St.3d 5,598 N.E.2d 1152.
 {¶ 10} In this matter, the vote on the motion to reject the protest before Board resulted in a tie. According to R.C.3501.11(X):
In all cases of a tie vote or disagreement in the board, if no decision can be arrived at, the director or chairperson shall submit the matter in controversy, not later than fourteen days after the tie vote or disagreement, to the secretary of state, who shall summarily decide the question, and the secretary of state's decision shall be final.
 {¶ 11} While the Board did forward the matter to the secretary of state, an assistant secretary of state made the final decision to reject the motion.
 {¶ 12} R.C. 111.04 states:
In case of the absence or disability of the secretary of state, the assistant secretary of state shall have the power to perform the duties of the secretary of state. The general duties of the assistant secretary of state shall be such as the secretary of state assigns him.
 {¶ 13} Pursuant to this court's order of November 3, 2006, Blackwell submitted a copy of a letter dated November 3, 2006, that stated, "In March of 2006, I specifically authorized and assigned Monty Lobb to determine tie votes submitted from boards of elections and to issue them on my behalf." The letter was purportedly signed by Blackwell but was not notarized, nor did it include an affidavit. Additionally, the original letter was never produced. During the November 6, 2006 hearing, Blackwell again submitted the same letter. However this same photo-copied letter was certified as a true and accurate copy of the original letter and also contained the gold seal of the Ohio Secretary of State.
 {¶ 14} After reviewing the evidence submitted by Blackwell, and despite the numerous opportunities this court has given to Blackwell, we find that Blackwell failed to submit any evidence of satisfactory, evidentiary quality that sufficiently established this delegation. See In re Guardianship of MarieHerr (Sept. 2, 1998), Fifth Appellate District, Case No. 98-CA-16-2. See, also, Mitchell v. Ross (1984),14 Ohio App.3d 75, 470 N.E.2d 245. The only evidence submitted was a photocopied letter which was not notarized or accompanied by an affidavit. Additionally, the letter was not the original letter and did not contain Blackwell's original signature. The letter was also not accompanied by an affidavit verifying that this was in fact Blackwell's signature.
 {¶ 15} We also do not find that Blackwell's November 6th submission was sufficient to establish his burden. The certification on the letter merely indicated that it was a true and accurate copy of the original photocopied letter. Based upon the evidence submitted, we find that the weight of the evidence establishing that Blackwell assigned this duty is negligible.
 {¶ 16} Therefore, we are again prevented from finding that his authority was properly delegated to assistant secretary of state, Monty Lobb. Furthermore, since we are specifically finding that Blackwell has failed to produce any evidence that establishes that he properly delegated this duty pursuant to R.C.111.04, we do not decide whether this duty is a specific duty or a general duty under the statute.
 {¶ 17} Accordingly, we find that the assistant secretary of state's decision to reject the motion in opposition to the protests was contrary to applicable statutes and therefore constitutes an abuse of discretion.
 {¶ 18} It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B). Respondents to bear costs.
Writ granted.
Gallagher, P.J., Concurs, and Calabrese, Jr., Concurs in judgment only.