THE STATE EX REL. BRADY, APPELLEE, *v.* BLACKWELL,
SECY. OF STATE, APPELLANT; CUYAHOGA COUNTY
BOARD OF ELECTIONS ET AL., APPELLEES.

[Cite as *State ex rel. Brady v. Blackwell,*
112 Ohio St.3d 12, 2006-Ohio-5878.]

(No. 2006–2065—Submitted November 7, 2006—Decided November 7, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment entered by the Cuyahoga County Court of Appeals on remand from this court's granting of a writ of prohibition ordering that a candidate's name remain on the November 7 election ballot. Because the secretary of state failed to submit appropriate evidence of a proper delegation of authority to his assistant secretary of state to break a tie vote on protests challenging the candidacy, we affirm the judgment.

{¶ 2} Michael J. O'Shea won the May 2006 Democratic primary election for the office of state representative for the 16th Ohio House District. After O'Shea withdrew, Democratic Party district committee members met and selected appellee, Jennifer Brady, to replace O'Shea as the Democratic Party candidate. Letters were sent to appellee Cuyahoga County Board of Elections informing the board of the selection of Brady as the replacement nominee, and the board of elections certified Brady as the Democratic candidate for state representative of the 16th Ohio House District.

{¶ 3} In early September, the board received written protests challenging Brady's candidacy. The protesters contended that the statutory requirements for certifying Brady as the replacement nominee had not been followed. The board held a hearing on the protests and ended up deadlocked on a motion to reject the protests.

{¶ 4} In accordance with R.C. 3501.11(X), the board submitted the matter to appellant, Secretary of State J. Kenneth Blackwell, to break the tie. On October

3, Assistant Secretary of State Monty Lobb stated in a letter that he, Lobb, was breaking the tie vote by voting in opposition to the motion to reject the protests against Brady's candidacy. The letter did not specify that Secretary of State Blackwell had assigned his statutory duty to break election board ties to Lobb, nor did it assert that Blackwell was either absent or under a disability precluding Blackwell from breaking the tie. Lobb signed the letter in his capacity as assistant secretary of state.

{¶ 5} On October 5, Brady filed a complaint in the Court of Appeals for Cuyahoga County against the secretary of state and the board of elections and its members for a writ of mandamus to keep her on the ballot. After the court of appeals ordered Brady to file a dispositive motion, the secretary moved to dismiss for failure to state a claim upon which relief can be granted. Thereafter, Brady moved to amend her complaint to add an alternate claim for a writ of prohibition barring the secretary and the board from removing Brady's name from the ballot.

{¶ 6} On October 20, the court of appeals granted Brady's motion to amend and further granted a writ of prohibition to keep her name on the ballot. The court of appeals concluded that the secretary of state had failed to submit evidence that Assistant Secretary Lobb was authorized to break the tie vote and that a liberal construction of the pertinent statutes justified Brady's certification as a candidate.

## Appeal in Case No. 2006–1979

{¶ 7} The secretary appealed from the court of appeals' judgment, and on November 3, we reversed the judgment of the court of appeals and remanded the cause to that court so that the parties could submit evidence on the issue of whether the assistant secretary was authorized to break the tie vote of the board of elections. *State ex rel. Brady v. Blackwell,* 112 Ohio St.3d 1, 2006-Ohio-5752, 857 N.E.2d 1181. We held that "the court of appeals erred in resolving the issue of whether the assistant secretary was authorized to break the tie vote of the elections board without affording the secretary and Brady the opportunity to submit evidence on this issue." Id. at ¶ 31. We further held that "the court of appeals' decision and judgment shall not be cited as appropriate authority for any of the issues resolved therein." Id.

## Proceedings on Remand

{¶ 8} On remand, the court of appeals ordered the secretary to submit evidence. Pursuant to that order, on November 3, 2006, the secretary submitted not an original, but a copy of a November 3, 2006 letter signed by him in which he stated:

{¶ 9} "I have appointed Monty Lobb as the Assistant Secretary of State. Mr. Lobb was appointed to the position of Assistant Secretary of State effective July 4, 1999.

{¶ 10} "As of the date of his appointment, any duties of the Chief Election Officer of this state are authorized to be performed by Monty Lobb on my behalf as assigned by me. My direction on these matters is in accordance with R.C. 111.04 and since the date of his appointment as Assistant Secretary of State Mr. Lobb has performed duties as assigned per my direction.

{¶ 11} "In March of 2006, I specifically authorized and assigned Monty Lobb to determine tie votes submitted from boards of elections and to issue them on my behalf. Therefore, on my behalf, Monty Lobb, was authorized by me to issue the tie vote from the Cuyahoga County Board of Elections regarding removing Jennifer Brady's name from the November 7th election ballot, which is now being determined in the matter of *State ex rel. Brady v. Blackwell*."

{¶ 12} This copy submitted by the secretary was not notarized and was not attached to an affidavit. In addition, the secretary did not submit any other evidence that he had in March 2006 authorized Lobb to determine tie votes submitted to the secretary. At a November 6 hearing before the court of appeals, the secretary submitted an additional photocopy of the same November 3 letter from the secretary. This time, however, the photocopy bore a stamp noting that it was certified as a true and accurate copy of a letter from the secretary. There was no certification concerning the accuracy of facts contained in the letter.

{¶ 13} On November 6, the court of appeals entered a judgment on remand. The court of appeals again granted a writ of prohibition to prevent Brady from being removed from the November 7 election ballot. The court concluded that the secretary had again failed to present sufficient evidence to establish that he had properly delegated his duty to break the board's tie vote pursuant to R.C. 111.04:

{¶ 14} "After reviewing the evidence submitted by Blackwell, and despite the numerous opportunities this court has given to Blackwell, we find that Blackwell failed to submit any evidence of satisfactory, evidentiary quality that sufficiently established this delegation. * * * The only evidence submitted was a photocopied letter which was not notarized or accompanied by an affidavit. Additionally, the letter was not the original letter and did not contain Blackwell's original signature. The letter was also not accompanied by an affidavit verifying that this was in fact Blackwell's signature.

{¶ 15} "We also do not find that Blackwell's November 6th submission was sufficient to establish his burden. The certification on the letter merely indicated that it was a true and accurate copy of the original photocopied letter. Based

upon the evidence submitted, we find that the weight of the evidence establishing that Blackwell assigned this duty is negligible." The court of appeals determined that because "Blackwell has failed to produce any evidence that establishes that he properly delegated this duty pursuant to R.C. 111.04, we do not decide whether this duty is a specific duty or a general duty under the statute."

{¶ 16} Just before 5:00 p.m. on November 6, the secretary filed this appeal from the court of appeals' judgment on remand along with an emergency motion for stay in which he presented arguments relative to the merits of the appeal.

{¶ 17} This cause is now before the court for its consideration of the merits.

{¶ 18} The secretary of state asserts that the court of appeals erred in granting the writ. The court of appeals determined that Brady established her entitlement to extraordinary relief in prohibition because the assistant secretary of state abused his discretion and clearly disregarded R.C. 3501.11(X) by casting the tie-breaking vote on behalf of the secretary. R.C. 3501.11(X) provides:

{¶ 19} "In all cases of a tie vote or a disagreement in the board, if no decision can be arrived at, the director or chairperson shall submit the matter in controversy, not later than fourteen days after the tie vote or the disagreement, to *the secretary of state, who shall summarily decide the question,* and the secretary of state's decision shall be final." (Emphasis added.)

{¶ 20} R.C. 111.04 authorizes an assistant secretary of state to perform the secretary's duties in the secretary's absence or disability:

{¶ 21} "In case of *the absence or disability* of the secretary of state, the assistant secretary of state shall have power to perform the duties of the secretary of state. The general duties of the assistant secretary shall be such as the secretary of state assigns him." (Emphasis added.)

{¶ 22} The court of appeals gave the secretary the opportunity to present sworn evidence of an appropriate delegation of authority under R.C. 111.04. In response, the secretary prepared a letter on November 3 stating that he had authorized Lobb to break election board deadlocks in March 2006. Since the letter apparently was prepared in response to the order of the court of appeals, it is inexplicable why the secretary did not choose to submit the original of the letter, choosing instead to provide the court with a photocopy of the letter.

{¶ 23} Nor did the secretary file an affidavit. He did not attach a copy of his November 3 letter to an affidavit. He also never swore to the truth of the facts stated in the letter. The subsequent certification of the letter merely noted that the letter was a "true and accurate copy" of the original November 3 letter—not that the *contents* of the letter were true and accurate.

{¶ 24} Loc.App.R. 45 of the Eighth Appellate District does not specify the type of evidence to be introduced in that court's consideration of original actions, but it

does require an affidavit to be filed with the complaint and provides that the Rules of Evidence will apply in evidentiary hearings before a magistrate. Loc. App.R. 45(B)(1)(a) and (4).

{¶ 25} Nevertheless, the court of appeals' determination in these cases is comparable to either this court's S.Ct.Prac.R. X determination in original actions or a trial court's Civ.R. 56 summary judgment proceeding. In these analogous proceedings, the evidence must be submitted by affidavit and other sworn testimony. Cf. S.Ct.Prac.R. X(7) ("Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached [to the affidavit]"); Civ.R. 56(E) (same); see, also, *In re Guardianship of Herr* (Sept. 2, 1998), Richland App. No. 98–CA–16–2, 1998 WL 666986, cited by the court of appeals in its November 6, 2006 judgment (unsworn letters and documents are not of sufficient evidentiary quality to support removal of guardian).

{¶ 26} Therefore, under these circumstances, the court of appeals did not err in holding that the secretary failed to introduce sufficient evidence of a proper delegation of authority to Lobb. In this regard, it is significant that the secretary does not argue why a copy of the November 3 letter from the secretary is sufficient; instead, he merely states that it is—without any supporting rationale.

{¶ 27} The secretary of state cites *State ex rel. The Limited, Inc. v. Franklin Cty. Bd. of Elections* (1993), 66 Ohio St.3d 524, 613 N.E.2d 634. This case is inapposite in that in *The Limited*, the secretary had asserted the existence of a personal conflict justifying designation of authority to cast tie-breaking votes to his assistant. In this case, for some reason, the secretary has never alleged either conflict or absence and did not attempt to show compliance with the first sentence of R.C. 111.04. This case is further distinguishable from *The Limited* in that the parties in *The Limited* presented *evidence* of a proper delegation of authority by the secretary, under R.C. 111.04, to assign the duty of casting the tie-breaking vote under R.C. 3501.11 to an assistant secretary. Id. at 526, 613 N.E.2d 634.

## Conclusion

{¶ 28} The secretary of state was given the opportunity to present appropriate evidence establishing a proper delegation of authority pursuant to R.C. 111.04. The court of appeals did not err in concluding that the secretary failed to prove that the assistant secretary of state had authority under the applicable statutes to cast the tie-breaking vote on the protests challenging Brady's candidacy. Lobb's exercise of such power was thus unauthorized, and Brady was entitled to the requested writ of prohibition to prevent the secretary and the board of elections from removing her name from the ballot. *Brady*, 112 Ohio St.3d 1, 2006-Ohio-5752, 857 N.E.2d 1181, ¶ 27–28.

{¶ 29} In that the assistant secretary lacked this threshold authority to break the board's deadlock, it would be inappropriate to address two remaining substantive issues: whether the secretary of state can properly assign his duty under R.C. 3501.11(X) to break an elections board deadlock even when the secretary is not absent or under a disability and whether the district committee complied with the certification requirements of R.C. 3513.31(D) in selecting Brady as a replacement candidate for O'Shea. See *State ex rel. Barletta v. Fersch,* 99 Ohio St.3d 295, 2003-Ohio-3629, 791 N.E.2d 452, ¶ 22 ("we will not issue advisory opinions, and this rule applies equally to election cases").

{¶ 30} We reiterate that the court of appeals' previous decision and judgment in this case shall not be cited as appropriate authority for any of the issues resolved therein.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

RESNICK, J., not participating.

---

McTigue Law Group, Donald J. McTigue, and Mark A. McGinnis; O'Shea & Associates Co., L.P.A., and Michael O'Shea; and Mark Griffin, for appellee Jennifer Brady.

Jim Petro, Attorney General, and Sharon A. Jennings and Richard N. Coglianese, Assistant Attorneys General; Langdon & Hartman, L.L.C., David R. Langdon, Curt C. Hartman, and Joshua B. Bolinger, for appellant.

Duvin, Cahn & Hutton and Robert M. Wolff, for appellees Cuyahoga County Board of Elections, Robert T. Bennett, Sally D. Florkiewicz, Edward C. Coaxum Jr., and Loree K. Soggs.